IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BILAL ASSAAD<br>　511 Lincoln Park East<br>　Cranford, New Jersey 07016<br><br>　*Plaintiff,*<br><br>　v.<br><br><br>BEN CARSON<br>Secretary of the U.S.<br>Department of Housing and Urban<br>Development, in his official capacity,<br>　451 7th Street SW,<br>　　Washington, DC 20410,<br><br>and<br><br>U.S. DEPARTMENT OF HOUSING AND<br>URBAN DEVELOPMENT,<br>　451 7th Street SW,<br>　　Washington, DC 20410,<br><br>*Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: _____ |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. This is a claim for employment discrimination pursuant to 42 U.S.C.A. § 2000e, et seq.

2. Bilal Assaad ("Bilal") began employment with the U.S. Department of Housing and Urban Development ("Agency"), in the Real Estate Assessment Center for the Public and Indian Housing Program Office as a probationary General Engineer, in Washington, DC, on or about January 14, 2017.

1

3. During his employment with HUD, Bilal was, in the opinion of Donald J. Lavoy and all of his other supervisors, considered an outstanding employee; indeed, his immediate supervisors were shocked at his departure on January 11, 2018.

4. Bilal was abruptly terminated, without notice, for "lack of fitness," in a meeting on January 11, 2018 ("Termination Meeting"), just a few days before the end of his one year probationary period, after a series of outstanding evaluations.

5. When Bilal was called to the Termination Meeting, he was met by Mr. Donald J Lavoy, and Mr. Joseph Sullivan. At this meeting, Mr. Sullivan introduced himself using a false name; Bilal would only learn his real name later upon investigation.

6. At the Termination Meeting, Mr. Sullivan then falsely informed Bilal that Mr. Lavoy terminated him for unspecified reasons related to the quality of his work.

7. At the Termination Meeting, Bilal was not given any specific reasons for the termination, but simply a written statement that he had shown "lack of fitness for continued employment," which is simply a recitation of the termination standard for dismissal of a probationary employee for fitness reasons that occur during the probationary period. 5 CFR § 315.804.

8. The reason given to Bilal for his termination was false.   In fact, he was terminated for violation of 5 CFR § 315.805 (fitness reasons that existed in whole or in part *before* his probationary period) related to his "background."

9. The CFR distinction is significant because termination under the latter regulation mandates certain procedural protections, such as a notice of intent to terminate and an opportunity to rebut this notice with a response, which the Agency intentionally did not afford to Bilal.

10. During litigation at the Equal Employment Opportunity Commission and the Merit Systems Protection Board over the termination, Bilal would learn that any reasons for his termination stemmed from pre-employment concerns over his background that were "classified."

11. To this day, Bilal's efforts to learn of the reasons behind his termination have been intentionally withheld by the Agency.

12. There are no logical reasons for Bilal's termination that do not apply to his race, religion, national origin, or ethnicity.

13. At the time of Bilal's employment, the current Presidential administration was enacting a "Muslim travel ban," which barred travel to and from several Middle Eastern and/or Muslim countries. Bilal is Muslim and of Lebanese descent.  Lebanon borders Syria, a

country under the Trump Administration's travel ban during the relevant period. Bilal's Arabic name is similar to the name of the current Syrian president ("Assaad" vs. "Assad").

14. In March 2018, the director of HUD, Dr. Benjamin Carson, amended the mission statement of the Agency to remove its anti-discrimination clause.

15. President Donald J. Trump has repeatedly characterized Islam generally as a movement that "hates" America, and makes a point to not distinguish between "radical" Islam and other forms of Islam.  See *Youtube link: t.ly/7RG6B* (52 second video of Presidential candidate Donald Trump describing his perception of Islam).

16. Due to Bilal's national origin, ethnic origin, religion, and/or race, Agency took one or more of the following actions independently, and/or as part of a continuing pattern of discrimination that barred him of expected benefits given to similarly-situated probationary employees of the Agency:

    a. Determining that Bilal was not an appropriate fit for the Agency solely or primarily due to his religious, ethnic, national, or racial background;
    b. Terminating Bilal while misrepresenting to him the reasons for his termination, and the individuals responsible for the decision;
    c. Terminating Bilal, without affording him the rights afforded to probationary employees under 5 CFR §315.804, such as notice and an opportunity to rebut the termination;

WHEREFORE, Plaintiff seeks the following relief, totaling $1,000,000 in damages:

A. Reinstatement;

B. Attorney fees;

C. Compensatory damages (including but not limited to emotional distress, reputational damage, front pay, and back pay);

D. Punitive damages;

E. Exemplary damages as allowed by statute.

/s/Kerry J. Davidson
_____
Kerry J. Davidson, Esq.
Law Office of Kerry Davidson
300 E. Lombard Street, Suite 840-112
Baltimore, MD   21202
Email:  kerry@kjdavidsonlaw.com
Tel: (240) 394-6330
Fax: (866) 920-1535
Bar No.: 456431
October 27, 2020